UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRY'S PEARAH,<br><br>      Plaintiff,<br><br>  v.<br><br>INTERCONTINENTAL HOTEL GROUP PLC, et al.,<br><br>      Defendants. | Civ. No. 2:15-cv-07354 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Patry's Pearah ("Plaintiff") is suing the following entities for damages arising out of an alleged sexual assault at the InterContinental Hotel in Amman, Jordan: (1) Intercontinental Hotel Group PLC ("IHG PLC"); (2) "Intercontinental Hotel Group, The Americas" ("IHG Americas"); (3) "Intercontinental Hotel Group Amman (Jordan)" (IHG Amman); and (4) the travel agency who booked her trip, Abercrombie & Kent USA LLC ("A&K").

      Three motions are presently pending before the Court: (1) a non-party, Intercontinental Hotel Group Resources ("IHGR")'s, motion, on behalf of IHGR, IHG Americas, and IHG Amman, to dismiss; (2) A&K's motion to dismiss; and (3) A&K's motion for sanctions. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, IHGR's motion to dismiss is **DENIED**; A&K's motion to dismiss is **GRANTED**; and A&K's motion for sanctions is **DENIED**. The Complaint is **DISMISSED** as to A&K.

    **I.**    **BACKGROUND**

    **A. The Complaint**

      Plaintiff's Complaint alleges the following facts. In 2013, Plaintiff hired A&K, an Illinois-based travel agency, to schedule a trip for her to tour Jordan and Israel. ECF doc. 1 (Compl.) ¶¶ 7-17. A&K booked Plaintiff's entire trip, including a hotel reservation at

1

the InterContinental Hotel in Amman, Jordan ("the InterContinental").  *Id*.  While Plaintiff was staying as a guest at the InterContinental, a hotel employee sexually assaulted her.  *Id*. ¶¶ 30-37.  Plaintiff now seeks compensatory and punitive damages for, *inter alia*, assault and battery, negligent hiring, and breach of warranty.  *Id*. 19-20.

In her Complaint, Plaintiff describes the Defendants as follows.  IHG PLC is a "hotel owner, manager, and franchisor of hotels located in several nations around the world."  *Id*. ¶ 4.  IHG Americas is "a manager, customer service agent and referral/endorsement source for hotels that bear the brand name 'Intercontinental Hotels' that are located within the United States."  *Id*. ¶ 5.  IGH Amman is a "franchisee of IHG PLC, and operates as a luxury hotel in Amman, Jordan, that bears the brand name 'InterContinental Hotel' which is owned and managed by IHG PLC."  *Id*. ¶ 6.  A&K is a travel agency based within the Unites States, with its principal place of business in the State of Illinois," which also has "affiliate offices/venues in other states."  *Id*. ¶ 7.

### B. The Present Action

In December 2015, Plaintiff served her Summons and Complaint against Defendants IHG Americas and IHG Amman on the "Americas office, InterContinental Hotels Group" in Atlanta, Georgia, via process server.  ECF doc. 6 (IHGR Mot. to Dismiss) at Ex. C.  CT Corporation System ("CT"), who is the registered agent for IHGR, a non-party to this suit, mistakenly processed the Summons in IHGR's name, even though IHGR is not named as a Defendant in this action.  *Id*., Ex. E (Aff.) ¶¶ 4-7.

IHGR now moves to dismiss the Complaint as to IHGR, IHG Americas, and IHG Amman.  IHGR avers that it has no relationship to the InterContinental in Amman, and is not a proper party to the litigation.  *Id*., Ex. D (Aff.).  A CT representative avers that CT is not a registered agent for any of the named Defendants, and did not have authority to receive process on any Defendants' behalf.  *Id*., Ex. E.

Plaintiff did not file proof of service as to any Defendants or an opposition to IHGR's motion to dismiss.  In a sur-reply filed in response to an unrelated motion, Plaintiff argues that "IHG" is a parent corporation responsible for owning and/or managing various hotels across the globe.  ECF doc. 15 (Sur-Reply) at 4.  Plaintiff's sur-reply does not mention service of process, IHGR, IHG Americas, or IHG Amman.

A&K moves to dismiss Plaintiff's action against it for lack of personal jurisdiction.  A&K also moves for sanctions against Plaintiff and her attorney.

## II. DISCUSSION

### A. IHGR's Motion to Dismiss[1]

#### 1. Motion to Dismiss Complaint as to IHGR

IHGR moves to dismiss Plaintiff's action against it, arguing that IHGR has no relationship to the InterContinental in Amman, Jordan. IHGR's motion is **DENIED as unnecessary** because IHGR is not named as a Defendant in this case, and Plaintiff does not assert any claims against it. *See, e.g., Gonzales v. Pennsylvania*, 293 F. App'x 136, 139 (3d Cir. 2008) (stating that a non-party's actions were "not at issue because she has not been named as a Defendant."); *Dover Ltd. v. A.B. Watley, Inc.*, No. 04 CIV. 7366 (FM), 2006 WL 2987054, at *8 (S.D.N.Y. Oct. 18, 2006) (Defendant named solely in Count I does not have standing to move to dismiss other counts of the Complaint).

#### 2. Motion to Dismiss Complaint as to IHG Americas and IHG Amman

IHGR also moves to dismiss this action as to IHG Americas and IHG Amman. In its motion, IHGR takes great pains to explain that it is wholly unrelated to IHG Americas and IHG Amman. As such, the Court is baffled as to why IHGR seeks to dismiss the Complaint on behalf of those Defendants. In any event, based on IHGR's affidavit, it appears that IHGR is unrelated to IHG Americas and IHG Amman. IHGR, a non-party, may not conduct litigation on behalf of these named Defendants. *See generally Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (describing a class action as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only"); *Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002) ("It is a well-established rule that a litigant may assert only his own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties."). Accordingly, the Court will **DENY** IHGR's motion to dismiss the Complaint as to IHG Americas and IHG Amman.

However, a Court may *sua sponte* raise the issue of improper service of process. Fed. R. Civ. P. 4(m). Here, Plaintiff did not file any proof of service as to IHG Americas and IHG Amman, and the agent who accepted service of process on their behalf avers that he did not have authority to do so. Therefore, service as to these Defendants appears to have been improper. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995) ("Because the registered agent was no longer the authorized agent to accept

---

[1] Because Plaintiff did not properly oppose IHGR's motion to dismiss, the Court could dispose of the unopposed motion without a merits analysis. *See Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1992). However, because "[t]he Third Circuit . . . prefers that cases be decided on their merits," the Court will briefly address the merits of IHGR's motion to dismiss. *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *3 (D.N.J. Aug. 12, 2015) (internal citation omitted).

3

service of process on behalf of [Defendant], we conclude that serving the [agent] was ineffective as service on [the Defendant].").

Accordingly, **the action will be dismissed on August 1, 2016**, for Plaintiff's failure to effect service of the summons and complaint within 90 days of the filing of the complaint, unless Plaintiff establishes that service was effected within said 90 days, by filing proof of service with the Clerk of the Court, or shows good cause exists for an extension of time to serve the Complaint. *See George v. Warden*, 523 F. App'x 904, 907-08 (3d Cir. 2013).

### B. Abercrombie & Kent's Motion to Dismiss

A&K moves, under Federal Rule of Civil Procedure 12(b)(2), to dismiss Plaintiff's action against it for lack of personal jurisdiction. For the reasons set forth below, A&K's motion is **GRANTED**.

#### 1. Legal Standard

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the Court's jurisdiction over the defendant. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). Plaintiff must present "a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). If Plaintiff meets this burden, the burden shifts to the Defendant to establish the presence of other considerations that would render the exercise of personal jurisdiction unreasonable. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992).

"The due process limit to the exercise of personal jurisdiction is defined by a two-prong test. First, the defendant must have made constitutionally sufficient 'minimum contacts' with the forum." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)). "Second, if 'minimum contacts' are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with 'traditional notions of fair play and substantial justice.'" *Id.* at 150-51 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A non-resident Defendant's "minimum contacts" can be established in one of two ways: general jurisdiction or specific jurisdiction. *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 334 (3d Cir. 2009). General jurisdiction requires that the defendant's contacts be "so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Daimler AG v. Bauman,* 134 S. Ct. 746, 754 (2014). A defendant's "place of incorporation and principal place of business" constitute the paradigmatic bases

for finding a corporate defendant "at home." *Id.* To trigger general jurisdiction in any other location, the defendant's "operations" must prove "'so substantial and of such a nature as to render the corporation'" essentially at home within the relevant state. *Otsuka Pharm. Co., Ltd. v. Mylan Inc.,* 2015 WL 1305764, at *6–*7 (D.N.J. Mar. 23, 2015) (quoting *Daimler,* 134 S. Ct. at 754). Specific jurisdiction, on the other hand, requires that the suit "'arise out of or relate to the defendant's [specific] contacts with the forum.'" *Daimler,* 134 S. Ct. at 754 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8 (1984)). Specific jurisdiction is present "only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (internal citations and quotation marks omitted).

### 2. Jurisdiction Over A&K

Plaintiff has failed to meet her burden of establishing that the Court has personal jurisdiction over A&K.

<u>First</u>, the Court lacks general jurisdiction over A&K. A&K is incorporated in Delaware and its principal place of business is in Illinois. ECF doc. 7 (Mot.) at 31; Compl. ¶ 7. A&K avers that it is not a resident of New Jersey, does not have an office in New Jersey, does not own property in New Jersey, and does not have any bank accounts, investors, or shareholders in New Jersey. ECF doc. 7 (Fichte Decl.), ¶¶ 11-21.

Plaintiff argues that general jurisdiction exists because A&K is engaged in a joint venture project with Land Rover, a British car manufacturer with its North America headquarters in Mahwah, New Jersey. ECF doc. 15 (Sur-Reply) at 4. Plaintiff provides a press release stating that A&K and Land Rover have partnered to provide "self-driving journeys" for adventurous travelers to destinations such as Namibia, Botswana and Morocco. *Id*., Ex. B. But the range of destinations does not include New Jersey, and Plaintiff has not otherwise demonstrated that A&K has "substantial operations" in New Jersey. A&K's limited, single-project partnership with Land Rover does not render A&K's "essentially at home" in New Jersey. *Daimler,* 134 S. Ct. at 759 (2014) ("a subsidiary's jurisdictional contacts can be imputed to its parent only when the former is so dominated by the latter as to be its alter ego."). *See, e.g, Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.,* No. 13 CIV. 1654, 2014 WL 2610608, at *8 (S.D.N.Y. June 10, 2014) (finding that the court lacked general jurisdiction over foreign entities despite their "ownership and management relationships" with company based in the United States).

Plaintiff further argues that the Court has general jurisdiction over A&K because A&K has an agent in New Jersey. ECF doc. 15 at 3. But to support this proposition, Plaintiff has provided a printout from an unspecified website indicating that there is a

single travel agent in the state of New Jersey who "works with A&K." *Id*. at Ex. A.  This is insufficient to establish general jurisdiction over A&K.

Second, the Court lacks specific jurisdiction over A&K.  Plaintiff's cause of action does not "arise out of" A&K's forum-related activities: in fact, it has no relationship to New Jersey at all.  When Plaintiff hired A&K, she was a resident of Texas.  To book her trip, Plaintiff contacted American Express, located in Georgia, who contacted A&K in Illinois.  *Id*. ¶ 15.  A&K mailed Plaintiff's trip itinerary to her Texas residence.  Fichte Decl. ¶¶ 14, 16.  At the time of the alleged assault, Plaintiff was still a Texas resident.  Plaintiff appears to have relocated to New Jersey at some point before filing this lawsuit, but Plaintiff's new residence does not establish specific jurisdiction over A&K.

### C.  Abercrombie & Kent's Motion for Sanctions

A&K argues that Rule 11 sanctions are warranted against Plaintiff and her attorney.  The Court disagrees.

Federal Rule of Civil Procedure 11 permits sanctions against a party whose pleadings are frivolous, legally unreasonable, or presented for an improper purpose such as harassment or to delay litigation.  Fed. R. Civ. P. 11(b).  "The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances, with reasonableness defined as an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact."  *Ford Motor Co. v. Summit Motor Products, Inc.,* 930 F.2d 277, 289 (3d Cir. 1991) (internal citations and quotation marks omitted).  The primary purpose of Rule 11 is the deterrence of litigation abuse, and sanctions are only applied in the exceptional circumstance.  *Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988).  In other words, Rule 11 sanctions are only appropriate when it is patently clear that a claim has absolutely no chance of success on the merits.  *Id.*

Here, Plaintiff's claims against A&K fail for jurisdictional reasons, but they are not so blatantly meritless that she deserves sanctions.  According to Plaintiff, she was sexually assaulted during her stay in a hotel in the Middle East, which an A&K representative had selected and booked for her.  A "travel agency has a duty to warn customers of specific, known dangers, and dangers that should be discovered in the exercise of due care."  *Wolf v. Tico Travel*, 527 F. App'x 135, 138 (3d Cir. 2013).  At this stage, the Court cannot conclude that a claim against a travel agent for failing to warn a customer about this type of danger is patently frivolous.  *See, e.g., Josephs v. Fuller,* 186 N.J. Super. 47, 51 (1982) ( "[W]hen a traveler relies on the recommendations of a travel agent and suffers damage because of accommodations so totally unacceptable that any reasonable travel agent would have known not to make such recommendations, the travel agent is liable.").  A&K further argues that Plaintiff's "creative interpretation" of the booking contract is barred by the contract's exculpatory clause.  ECF doc. 7-1 at 4.  But

6

even if this is true, Rule 11 "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988).  Accordingly, A&K's motion for sanctions is **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, IHGR's motion is **DENIED**, A&K's motion to dismiss is **GRANTED**, and A&K's motion for sanctions is **DENIED**.  An appropriate Order follows.


                                            /s/ William J. Martini
                                         **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 29, 2016**