UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PATRY'S PEARAH,** | Civ. No. 2:15-cv-07354 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **INTERCONTINENTAL HOTEL GROUP PLC, et al.,** | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Patry's Pearah ("Plaintiff") brings this tort action against, *inter alia*, Intercontinental Hotel Group PLC ("IHG PLC"). IHG PLC now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff has not filed any opposition to the motion. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, IHG PLC's motion to dismiss is **GRANTED**; and the Complaint is **DISMISSED**.

I.   BACKGROUND

The Court writes for the benefit of the parties and assumes familiarity with the underlying facts and the Court's June 2016 Opinion. *See Pearah v. Intercontinental Hotel Grp. PLC*, No. 15-7354, 2016 WL 3548147 (D.N.J. June 29, 2016). The following facts are only those relevant to the present motion to dismiss.

Plaintiff filed this action on October 7, 2015. ECF doc. 1. Plaintiff did not file proof of service as to any of the Defendants. On June 8, 2016, this Court entered a notice of call for dismissal pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to effect service of the summons and complaint upon IHG PLC within 90 days of the filing of the Complaint. ECF doc. 19. The Court instructed Plaintiff that, if proof of service was not filed before July 5, 2016, counsel may be required to show good cause why the action should not be dismissed. *Id*.

On July 6, 2016, after Plaintiff failed to file proof of service within the requisite time period, the Court terminated IHG PLC as a Defendant. ECF doc. 22. However, later that day, Plaintiff filed an affidavit of service signed by a process server stating that he served the Complaint against IHG PLC on "Alex Elliot, Administrative Assistant for CPC, the Registered Agent at 2180 Satellite Blvd, Duluth," on December 1, 2015. ECF doc. 23. Consequently, on July 7, 2016, the Court entered an order vacating its prior order dismissing IHG PLC as a Defendant, and directing Plaintiff to move for entry of default against IHG PLC. ECF doc. 24.

Instead, on July 12, 2016, IHG PLC moved, pursuant to Rule 12(b)(5), to dismiss the Complaint for insufficient service of process. ECF doc. 25. IHG PLC explains that service of process was made on CT Corporation System ("CT"), who is not a registered agent for IHG PLC, and did not have authority to receive process on behalf of IHG PLC. *Id*. IHG PLC further explains that CT is actually the registered agent for IHGR, a non-party to this suit, and that CT mistakenly processed the Summons in IHGR's name, even though IHGR is not named as a Defendant in this action. *Id*.

In support of its motion to dismiss, IHG PLC provides a "service of process transmittal form" from CT Corporation to IHGR indicating that it accepted the summons and complaint served upon Corporation Process Company ("CPC") in Duluth, Georgia, by Plaintiff's counsel on December 1, 2015, on behalf of IHGR.[1] ECF doc. 25, Ex. B.

Plaintiff did not oppose IHG PLC's motion to dismiss.

## II.  LEGAL STANDARD

Pursuant to Rule 12(b)(5), a court may dismiss a case for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5); *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to . . . dismiss the plaintiff's complaint for failure to effect service . . . ."). "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

## III.  DISCUSSION

As a preliminary matter, because Plaintiff did not oppose IHG PLC's motion to dismiss, the Court could dispose of the unopposed motion without a merits analysis. *See Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1992). However, because "[t]he

---

[1] In deciding motions to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993) (citations omitted). However, a Court may consider an exhibit to a Defendant's motion to dismiss if the Plaintiff's claims are based on that document and if that document is indisputably authentic. *Id*. Here, Plaintiff's claim that IHG PLC was properly served is based on the proof of service Plaintiff filed, therefore, the transmittal form of this proof of service is integral to Complaint, and it is indisputably authentic.

Third Circuit . . . prefers that cases be decided on their merits," the Court will briefly address the merits of IHG PLC's motion to dismiss. *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *3 (D.N.J. Aug. 12, 2015) (internal citation omitted).

Here, Plaintiff has supplied proof of service as to IHG PLC but, in response to IHG PLC's contention in its motion to dismiss that this service was improper, Plaintiff has not provided any information that would indicate that the person who accepted service is empowered to receive service on IHG PLC's behalf. Rather, the transmittal form and affidavit IHG PLC submitted in support of its motion to dismiss indicate that the opposite is true: CT is not permitted to accept service of behalf of IHG PLC; therefore, IHG PLC was not properly served. Plaintiff has done nothing to refute this contention. Therefore, Plaintiff has not met the requisite burden, and dismissal pursuant to Rule 12(b)(5) is appropriate. *See Sims v. City of Philadelphia*, 552 F. App'x 175, 178 (3d Cir. 2014) (holding that dismissal was warranted where Plaintiff failed to establish that the person who accepted service was enabled to receive service on Defendant's behalf); *Touray v. Middlesex Cty.*, 139 F. App'x 428, 430 (3d Cir. 2005) (finding that service of process was improper where Plaintiff "did not establish that [the agent] is authorized to receive service of process on [Defendant's] behalf, and there is no indication in the record that service upon [the agent] was appropriate.").

Accordingly, IHG PLC's motion to dismiss is **GRANTED**. Because the other Defendants have been terminated, and the time for Plaintiff to properly effectuate service of process has long passed, Plaintiff's Complaint is **DISMISSED**.

### IV.   CONCLUSION

For the foregoing reasons, IHG PLC's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED.** An appropriate Order follows.

                                            /s/ William J. Martini
                                   **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 27, 2016**